UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MICHAEL ANTHONY CRIPPS
AND JOHN DAVID CRIPPS

CIVIL ACTION

VERSUS

NO. 12-452-JJB

STATE OF LOUISIANA THROUGH
THE DEPARTMENT OF
AGRICULTURE AND FORESTRY,
ET AL

**RULING ON DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on Defendants' motion to dismiss. (Doc. 9). Plaintiffs have filed an opposition. (Doc. 11). Oral argument is not necessary. The Court's jurisdiction exists pursuant to 28 U.S.C. § 1331. For the reasons herein, the Court DENIES the Defendants' motion to dismiss on all grounds except for qualified immunity for procedural due process.

I.

The Court makes the following factual findings based on the complaint (Doc. 1-2) and the amended complaint (Doc 16). Plaintiffs Michael Anthony Cripps ("Michael Cripps") and John David Cripps ("John Cripps") filed this action on July 9, 2012 against Defendants, The State of Louisiana, through the Department of Agriculture and Forestry, Structural Pest Control Commission, and David M. Fields (collectively "Defendants") seeking injunctive relief and damages.

1

Michael Cripps and John Cripps are brothers who have worked in the pest control industry for more than seventeen and sixteen years, respectively, prior to January 27, 1999. On April 6, 1998, John Cripps began doing business as Innovative Pest Management Company, and Michael Cripps was his employee. On January 27, 1999, Defendant Structural Pest Control Commission ("Commission") imposed a civil fine of seventeen thousand ($17,000) dollars on John Cripps for paperwork violations. The Commission suspended twelve thousand ($12,000) of the fine on the condition that John Cripps would not have any other violations for a two year period. In the letter notifying John Cripps of the fine, Defendant David M. Fields ("Fields") provided that the fine shall be paid over two years beginning April 1999. John Cripps has not paid the fine on his belief that the fine is unlawful, null, and void. On or about May 1, 2000, the Commission suspended both John Cripps and Innovative Pest Management's license for failure to pay the fines, putting John Cripps, Michael Cripps, and Innovative Pest Management out of business.

On June 8, 2000, the Commission imposed a civil fine of five thousand ($5,000) dollars on Michael Cripps for paperwork violations. Four thousand ($4,000) dollars of the fine was suspended on the condition that Michael Cripps would not have any other violations for a two year period. In the letter notifying Michael Cripps of the fine, Fields provided that payment was due within ten days. On October 31, 2000, the Commission increased the fine to ten thousand

($10,000) without notice or a hearing. Michael Cripps has not paid the fine on his belief that the fine is unlawful, null, and void.

On July 5, 2011, Michael Cripps was employed by Terminex, Inc. on the condition that he obtain recertification from the Commission. On that date, Terminex applied to the Commission for Michael Cripps to be re-issued a certificate. Recertification requires that the applicant take and pass an examination. On July 7, 2011, Fields notified Michael Cripps and Terminex that his registration was denied and that it would be denied until he appeared before the Commission on August 3, 2011. On that date, Terminex terminated Michael Anthony Cripps based on the letter and an e-mail that Fields had sent the day before to Terminex.

On August 3, 2011, Michael Cripps appeared before the Commission and stated that the Defendants had violated and were continuing to violate his constitutional rights by depriving him of the right to work. John Cripps accompanied him, although he was not on the schedule. After Michael Cripps made his presentation, the Commission's attorney offered testimony in rebuttal. The Commission voted to refuse to grant his registration until his past due fines plus interest had been paid. Moreover, the Commission ordered that John Cripps pay interest on his own fine, although the Commission did not provide any notice in connection with this order.

Michael Cripps alleges that the Commission's refusal to issue him a license was in retaliation for speaking at the hearing in violation of the First

3

Amendment to the United States Constitution and Art. I § 7 of the Louisiana Constitution. Moreover, he alleges that the Commission has denied his liberty interest in pursuing his occupation in violation of the due process clause of the Fourteenth Amendment and Art. § 2 of the Louisiana Constitution. Michael Cripps also alleges that when the Commission imposed interest, this was ultra vires and beyond the scope of what the Commission was authorized to do.

The Plaintiffs are seeking injunctive relief, compensatory damages, and punitive damages. The Plaintiffs seek an injunction enjoining the Defendants from requiring the Plaintiffs to pay legal interest, attempting to collect legal interest, and from interfering with the Plaintiffs' rights to pursue their livelihood. In addition to compensatory damages, the Plaintiffs are seeking punitive damages and allege that Fields has acted wantonly, willfully, and maliciously to put the Cripps family out of business.

## II.

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing the complaint, a court must accept all well-pleaded factual allegations as true. *C.C. Port, Ltd. v. Davis-Penn Mortg. Co.*, 61 F.3d 288, 289 (5th Cir. 1995). In order to survive a motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Defendants have filed a motion to dismiss on the grounds that (1) Michael Cripps failed to comply with the procedures required by the administrative procedure act ("APA"); (2) John Cripps's claim has prescribed; and (3) Fields is entitled to qualified immunity. (Doc. 9).

*Administrative Procedure Act*

Defendants argue that the Commission is a part of the Louisiana Department of Agriculture and Forestry ("LDAF"), a state agency, and therefore, the APA is applicable. Pursuant to the APA, an aggrieved party is required to seek redress before the relevant board or commission prior to filing an action in district court. The Defendants point to the statutory language contained in Louisiana Revised Statute 49:964 A (1), which provides that

> [A] person who is aggrieved by a final decision or order in an adjudication proceeding is entitled to judicial review under this Chapter whether or not he has applied to the agency for rehearing, without limiting, however, utilization of or the scope of judicial review available under other means of review, redress, relief, or trial de novo provided by law.

La. R.S. 49:964 A(1). Section B provides that

> Proceedings for review may be instituted by filing a petition in the district court of the parish in which the agency is located within thirty days after mailing of notice of the final decision by the agency or, if a rehearing is requested, within thirty days after the decision thereon.

La. R.S. 49:964 B. A reviewing court may "reverse or modify the decision if substantial rights of the appellant have been prejudiced because the

5

administrative findings, inferences, conclusions or decisions are: (1) [i]n violation of constitutional or statutory provisions." La. R.S. 49:964 G(1).

Defendants argue that the notice of the final decision from the August 3, 2011 hearing was mailed on October 31, 2011. Therefore, Defendants assert, Michael Cripps had thirty days to either file for a rehearing or file a petition for judicial review in the district court. However, Michael Cripps filed a petition on July 9, 2012 in the 19th judicial district court. Because he did not file timely, Defendants argue that the decision of the Commission is final and he should not be permitted to raise his claim and circumvent the requirements established by the APA.

In Plaintiffs' opposition (Doc. 11), Plaintiffs argue that the Supreme Court of the United States has held that filing Section 1983 claim does not require the exhaustion of state administrative remedies. *See Patsy v. Board of Regents of State of Fla.*, 457 U.S. 496, 502 (1982); *Gibson v. Berryhill*, 411 U.S. 564, 574 (1973). To find that exhaustion is required would ignore one of the purposes of a Section 1983 claim, which is to provide a federal remedy that is "supplementary to the state remedy, and . . . [that] need not be first sought and refused before the federal one is invoked." *Monroe v. Pape*, 365 U.S. 167, 183 (1961), *overruled on other grounds by Monell v. Dep't of Social Services*, 436 U.S. 658 (1978). Moreover, Plaintiffs point out that Michael Cripps's claim is not for review of a final agency decision or order. Rather, Michael Cripps is alleging a violation of constitutional rights, which renders the APA inapplicable.

Plaintiffs further argue that the Commission has no authority to hear constitutional claims. Plaintiffs point out that Congress has given Article III courts the power to hear constitutional claims. "When federal claims are premised on 42 U.S.C. § 1983 . . . we have not required exhaustion of state judicial or administrative remedies, recognizing the paramount role Congress has assigned to the federal courts to protect constitutional rights." *Steffel v. Thompson*, 415 U.S. 452, 472-73 (1974). Plaintiffs argue that agencies lack subject matter jurisdiction to hear constitutional claims, and asserts that Defendants' argument that Plaintiffs should seek redress before the agency is meritless. Plaintiffs contend that no "logical reading of this statute [La. R.S. § 49:964 G(1), which provides that a court may reverse or modify an agency's decision if the decisions are in violation of constitutional or statutory provisions] could conclude that the Louisiana State Legislature intended to strip federal courts of their original subject matter jurisdiction over § 1983 claims." (Doc. 11 at 8).

The Court agrees with the Plaintiffs. This Court has previously found that a "plaintiff need not exhaust his state administrative remdies before bringing a § 1983 claim, unless Congress creates an exception." *Doc's Clinic, APMC v. Louisiana ex rel. Dep't of Health and Hospitals*, 2009 WL 3199192, *3 (M.D. La. 2009). This Court finds no reason to disturb well-settled law and therefore, DENIES the Defendants' Motion to Dismiss on the grounds that the Plaintiff, Michael Cripps, has not exhausted his administrative remedies.

*Prescription*

7

Case 3:12-cv-00452-JJB-SCR   Document 17   12/07/12   Page 7 of 14

Defendants argue that John Cripps's action has prescribed because his claim(s) arose more than one year prior to filing suit on July 9, 2012. Section 1983 has no statute of limitations, so courts must look to the forum state's limitations for the applicable claim. *Owens v. Okure*, 488 U.S. 235, 239 91989). Here, the applicable statute of limitations is one year. La. Civil Code Art. 3492. A Section 1983 claim accrues when the plaintiff knows or should have known of his injuries. *Walker v. Epps,* 550 F.3d 407, 414 (5th Cir. 2008).

Defendants argue that generally under Louisiana law, a party that raises prescription as a defense has the burden of establishing that the claim has prescribed. *Savoy v. St. Landry Parish Council*, 2009 WL 4571851, *3 (W.D. La. 2009). However, if the face of the complaint shows that prescription has run, the burden shifts to the plaintiff to show that the prescriptive period has been interrupted or tolled. *Id.* Defendants argue that the complaint alleges that John Cripps's rights were violated on January 27, 1999, when the Defendants imposed a civil fine on him. His license was suspended on May 1, 2000, which Defendants argue is the date which began the tolling of the prescriptive period. Because the Plaintiffs did not file suit until July 9, 2012, Defendants argue that his claims for an injury occurring over a decade earlier have prescribed.

In Plaintiffs' opposition, Plaintiffs first argue that the cause of action arose from the Defendants' "imposition of excessive fines and deprivations of due process occurring on July 7, 2011." (Doc. 11 at 9). Because Plaintiffs filed on July 6, 2012, Plaintiffs argue that their claims have not prescribed. Moreover, Plaintiffs

argue that their causes of action concerning the initial imposition of fines on May 1, 2000 have not prescribed because the Commission "grossly exceeded its statutorily granted authority when it imposed fines . . . in excess of five thousand dollars." (*Id.*) Under Louisiana law, the maximum amount of civil penalties that the Commission can impose is five thousand dollars. La. R.S. 3:3372 A(3). Because the Commission imposed fines in excess of five thousand dollars, the Plaintiffs argue that this is ultra vires, null, and void. A regulation which creates a "rule out of harmony with the statute . . . is a mere nullity." *Manhattan Gen. Equip. Co. v. Comm'r of Internal Revenue*, 297 U.S. 129, 134 (1936). Under the Louisiana Civil Code, contracts that are null "may not be confirmed" and an action for "annulment of an absolutely null contract does not prescribe." La. Civ. Code arts. 2030 and 2032. Therefore, Plaintiffs argue that the fines were absolutely null and because absolute nullities do not prescribe, the Defendants' motion should be denied.

This Court finds that John Cripps's claims have not prescribed. John Cripps has not paid fines that were imposed on him upon the belief that they were void because they were in excess of the statutory limit of five thousand ($5,000) dollars. Moreover, the face of the complaint states that John Cripps accompanied his brother to the hearing on August 3, 2011 and even though the Commission did not provide him any notice, the Commission ordered him to pay interest on past due fines. Because this occurred within the one year prescriptive

9

Case 3:12-cv-00452-JJB-SCR   Document 17   12/07/12   Page 9 of 14

argue that their causes of action concerning the initial imposition of fines on May 1, 2000 have not prescribed because the Commission "grossly exceeded its statutorily granted authority when it imposed fines . . . in excess of five thousand dollars." (*Id.*) Under Louisiana law, the maximum amount of civil penalties that the Commission can impose is five thousand dollars. La. R.S. 3:3372 A(3). Because the Commission imposed fines in excess of five thousand dollars, the Plaintiffs argue that this is ultra vires, null, and void. A regulation which creates a "rule out of harmony with the statute . . . is a mere nullity." *Manhattan Gen. Equip. Co. v. Comm'r of Internal Revenue*, 297 U.S. 129, 134 (1936). Under the Louisiana Civil Code, contracts that are null "may not be confirmed" and an action for "annulment of an absolutely null contract does not prescribe." La. Civ. Code arts. 2030 and 2032. Therefore, Plaintiffs argue that the fines were absolutely null and because absolute nullities do not prescribe, the Defendants' motion should be denied.

This Court finds that John Cripps's claims have not prescribed. John Cripps has not paid fines that were imposed on him upon the belief that they were void because they were in excess of the statutory limit of five thousand ($5,000) dollars. Moreover, the face of the complaint states that John Cripps accompanied his brother to the hearing on August 3, 2011 and even though the Commission did not provide him any notice, the Commission ordered him to pay interest on past due fines. Because this occurred within the one year prescriptive

period, John Cripps's claims have not prescribed. Therefore, the Court DENIES the Defendants' motion to dismiss on the grounds of prescription.

*Qualified Immunity*

Defendants argue that Fields, as a government official, is entitled to immunity because his conduct did not violate "clearly established statutory or constitutional rights that a reasonable person would have known." (Doc. 9-1 at 12). In *Harlow v. Fitzgerald*, the United States Supreme Court held that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). There is a two step method in determining whether a defendant is entitled to qualified immunity, and the sequencing of the method is left to the discretion of the lower courts. *See Pearson v. Callahan*, 555 U.S. 223, 242 (2009). However, this Court will apply the sequence established in *Saucier v. Katz*. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

In *Saucier*, the Supreme Court found that the initial question is whether, taking the facts in the light most favorable to the party asserting injury, the conduct violated a constitutional right. *Id.* If the conduct did not violate any constitutional right, "there is no necessity for further inquiries." *Id.* If the conduct

did violate a constitutional right, the next step "is to ask whether the right was clearly established." *Id.*

The Defendants argue that the Plaintiffs have either failed to show facts to demonstrate that Fields violated any constitutional right or that Fields's conduct did not violate any clearly established statutory or constitutional rights of which a reasonable person would have known. Defendants first assert that there was a clearly established right, which was procedural due process. Procedural due process generally requires notice and a hearing prior to the deprivation of a right. Defendants argue that Michael Cripps was given notice on July 7, 2011 of the hearing set for August 3, 2011. Defendants contend that the plaintiffs were not entitled to obtain registrant status because of their failure to pay their outstanding fines and the only way to obtain this status "was to appear properly before the Commission and satisfy the conditions uniformly set in place." (Doc. 9-1 at 13). Thus, Defendants argue that in taking the facts in the complaint in the light most favorable to the plaintiff, Fields's conduct could not have violated the plaintiff's right to notice and hearing.

Alternatively, Defendants argue that even if the Plaintiffs' constitutional rights were violated, these violations were not contrary to established law. Defendants assert that the complaint does not specify any facts to show that Fields acted unreasonably or intentionally violated the law. Moreover, because the board voted to deny Michael Cripps's registration, Defendants argue that this underscores the objective reasonableness of Fields's conduct.

11

In their opposition, Plaintiffs argue that both Michael and John Cripps's constitutional rights were violated by Field's conduct. First, Plaintiffs argue that Fields violated Michael Cripps's right to due process when he informed Michael Cripps via letter that his certificate would not be reissued and that his registration would be denied until he appeared at the hearing. Moreover, Plaintiffs argue that his liberty interest, the freedom to "engage in any of the common occupations of life," was violated. *Meyer v. Nebraska*, 262 U.S. 390, 399 (1923). Plaintiffs object to Defendants' argument that he was never entitled to obtain registrant status due to his outstanding fines for two reasons. First, Plaintiffs argue that Defendants are characterizing his interest as a property interest instead of a liberty interest, and there is an absence of any facts justifying the deprivation of Michael Cripps's right to pursue his profession. Moreover, Plaintiffs argue that the guidelines established by the Louisiana Administrative Code that define the Commission's ability to suspend or revoke a license registration do not include failure to pay fines. La. Admin. Code. tit. 7 XXV, § 127. Additionally, Plaintiffs argue that Michael Cripps was never given any pre-deprivation notice or hearing. The July 7, 2011 letter could not serve as a pre-deprivation notice because, according to Plaintiffs, Michael Cripps's liberty interest had already been deprived at this point. Furthermore, Plaintiffs argue that John Cripps's constitutional rights were violated when the Defendant imposed fines on him at the August 3, 2011 hearing when he was given no notice that his unpaid fines would be addressed at the hearing.

Plaintiffs also assert that the Defendants violated the Eighth Amendment right to be free from excessive fines when the Defendants imposed the fines on August 3, 2011 in excess of what the Commission is statutorily authorized to impose. Although the Plaintiffs did not raise any Eighth Amendment claims in their petition, Plaintiffs request that this Court grant leave to amend the petition to include these claims.

Finally, Plaintiffs argue that Fields violated clearly established constitutional rights of which a reasonable person would have known. Plaintiffs first assert that the right to engage in a lawful chosen occupation is a clearly established right. Additionally, Plaintiffs point out that the constitution "confers a clearly established right to be free from retaliation for an individual's exercise of his First Amendment rights." (Doc. 11 at 15). *See Hartman v. Moore*, 126 S.Ct. 1695 (2006). Finally, Plaintiffs argue that the Eighth Amendment is designed to prevent the government from "abusing its power to punish." (Doc. 11 at 15). "[T]he Excessive Fines Clause was intended to limit only those fines directly imposed by, and payable to, the government." *Austin v. United States*, 509 U.S. 602, 607 (1993) (internal quotations and citations omitted). Plaintiffs assert that Defendants' conduct was not only unreasonable, but it was malicious and retaliatory, and therefore, Fields is not entitled to qualified immunity.

This Court finds that the Defendant is entitled to qualified immunity on a procedural due process claim, but not on a substantive due process claim. Defendants devote their argument to procedural due process but ignore

13

substantive due process arguments, and thus, the Court will not rule on a substantive due process qualified immunity argument. Therefore, the Defendants' qualified immunity claim is GRANTED with respect to any procedural due process claims but DENIED with respect to any substantive due process claims.

Additionally, Plaintiffs are advised to file a motion to amend their complaint to include an Eighth Amendment claim(s).

Signed in Baton Rouge, Louisiana on December 6th, 2012.

_____
**JAMES J. BRADY, DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**