UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MICHAEL CRIPPS AND
JOHN DAVID CRIPPS

VERSUS

STATE OF LOUISIANA THROUGH THE
DEPARTMENT OF AGRICULTURE AND
FORESTRY, ET AL.

CIVIL ACTION

NO. 12-452-JJB-SCR

*consolidated with*

WILLIE CRIPPS

VERSUS

LOUISIANA DEPARTMENT OF
AGRICULTURE AND FORESTRY, ET AL.

CIVIL ACTION

NO. 13-51-JJB-SCR

## RULING

This matter is before the Court on the following motions: (1) Plaintiff Michael Cripps' Motion [doc. 45] for Partial Summary Judgment, and (2) Defendants' Motion [doc. 46] for Summary Judgment. The motions are opposed. (Docs. 53 & 57). Jurisdiction is based on 28 U.S.C. § 1331. Oral argument is not necessary. For the reasons provided herein, the Court: (1) **GRANTS** Plaintiff Michael Cripps' Motion [doc. 45] for Partial Summary Judgment, and (2) **GRANTS IN PART AND DENIES IN PART** Defendants' Motion [doc. 46] for Summary Judgment.

**Background**

On July 6, 2012, plaintiffs Michael Anthony Cripps ("Michael Cripps") and John David Cripps ("David Cripps") filed the present action for injunctive relief and damages against the State of Louisiana, through the Department of Agriculture and Forestry, the Structural Pest Control Commission, and David M. Fields. Michael Cripps and David Cripps are brothers who,

prior to January 27, 1999, had worked in the pest-control industry for more than 17 and 16 years, respectively. On April 6, 1998, David Cripps began doing business as Innovative Pest Management Company and employed his brother, Michael Cripps. On January 27, 1999, the Structural Pest Control Commission ("Commission") imposed a civil fine of $17,000 on David Cripps as the result of paperwork violations. The Commission suspended $12,000 of the fine on the condition that David Cripps would not have any other violations for a two-year period. In the letter notifying David Cripps of the fine, Defendant David M. Fields ("Fields") provided that the fine shall be paid over two years beginning April 1999. To this day, David Cripps has not paid the fine. Accordingly, on or about May 1, 2000, the Commission suspended both David Cripps' and Innovative Pest Management Company's license for failure to pay the fine.

Thereafter, on June 8, 2000, the Commission imposed a civil fine of $5,000 on Michael Cripps for paperwork violations. The Commission suspended $4,000 of the fine on the condition that Michael Cripps would not have any other violations for a two-year period. In the letter notifying Michael Cripps of the fine, Fields provided that payment was due within 10 days. On October 31, 2000, due to Michael Cripps' failure to pay the requisite amount, the Commission increased the fine to $10,000 and required full payment within 30 days. (Doc. 57-7, p. 68). Similar to his brother, Michael Cripps has not paid the fine.

On July 5, 2011, Terminix, Inc. employed Michael Cripps on the condition that he obtained recertification from the Commission. On that date, Terminix applied to the Commission so that Michael Cripps could be re-issued a certificate. However, on July 6, 2011, Defendant Fields notified Michael Cripps and Terminix that Cripps' registration was denied and that it would continue to be denied unless and until he appeared before the Commission. As a result of

the relevant email and letter sent by Defendant Fields, Terminix terminated Michael Cripps' employment.

On August 3, 2011, Michael Cripps appeared before the Commission and specifically accused Defendant David Fields of engaging in multiple acts of malfeasance over the course of numerous years. (*See* doc. 57-7, p. 75–81). David Cripps accompanied his brother to the meeting, although he was not actually on the meeting's agenda. (*See* doc. 57-7, p. 91–91). After Michael Cripps made his oral presentation, the Commission's attorney, Marvin Montgomery, informed the Commission that "Mr. Cripps had a [Structural Pest Control Commission] case in 1999 and a fine balance is still owed in the amount of $10,000 and that the appeal process has prescribed." (Doc. 57-7, p. 84). Subsequently, the Commission voted to refuse to grant Michael Cripps' request for registration and reinstatement of his license "unless he pays proper respect to the Commission by paying in full the fine of $10,000 plus interest and appear[s] before the Commission again." (Doc. 57-7, p. 84). The minutes of the meeting reflect that the Commission took no action with regards to David Cripps.

After the meeting, Michael Cripps and David Cripps filed the pending lawsuit, alleging that the defendants' actions violated their First, Eighth, and Fourteenth Amendment rights under the United States Constitution, as well their rights under the Louisiana Constitution, Article I, § 2 and Article I, § 7. Thereafter, the plaintiff Michael Cripps filed the pending motion, seeking a partial summary judgment on his claim that the defendants violated "his rights to procedural due process in connection with the Defendants' denial of his temporary registrant status without prior notice or hearing." (Doc. 45, p. 1). The defendants also filed their motion for summary judgment, seeking judgment in their favor as to all of the plaintiffs' claims. (*See* doc. 46).

**Analysis**

1. <u>Summary Judgment Standard</u>

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. Rule Civ. P. 56(a). The movant must demonstrate that there is no genuine issue of material fact for trial. When the non-moving party has the burden of proof at trial, the movant need only demonstrate that the record lacks sufficient evidentiary support for the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The moving party can do this by showing that the evidence is insufficient to prove the existence of one or more essential elements of the non-moving party's case. *Id.* A party must support its summary judgment position by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. Rule Civ. P. 56(c)(1).

Although the court considers evidence in a light most favorable to the non-moving party, the non-moving party must show that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy the non-moving party's burden. *Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139–40 (5th Cir. 1996). Similarly, "[u]nsworn pleadings, memoranda or the like are not . . . competent summary judgment evidence." *Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991).

"In a motion for summary judgment, a federal district court is not called upon to make credibility assessments of conflicting evidence." *Melancon v. Ascension Parish*, 823 F. Supp. 401, 404 n.19 (M.D. La. 1993). "To the contrary, all evidence is considered in the light most favorable to the non-movant." *Id.* "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge."

*Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 151 (2000) (quoting *Anderson*, 477 U.S. at 255).

2. <u>Plaintiff Michael Cripps' Motion for Partial Summary Judgment (Doc. 45)</u>

In his motion, Plaintiff Michael Cripps argues that this Court should grant him partial summary judgment on his procedural due process claim. He argues that there is no genuine issue of material fact that the defendants violated his right to procedural due process by refusing to grant him registrant status without prior notice or hearing. Louisiana Revised Statutes 3:3369 provides that "[p]ersons who hold a place of business permit may employ unlicensed technicians to apply pesticides in connection with structural pest control work" provided that "[e]ach technician shall be registered with the commission within thirty days of the date he is employed." La. R.S. 3:3369(A) and (C). The statute further provides that a "registered technician shall successfully complete an examination" within 90 days of his employment date. La. R.S. 3:3369(H). If the technician fails the examination, he is permitted to work for another 90 days and retake the examination. *Id.* However, if the technician does not pass the examination within 180 days after he is employed, the technician is not permitted to work until he has passed the examination. *Id.*

"A § 1983 action alleging a procedural due process clause violation requires proof of three-elements: (1) state action; (2) a deprivation of a constitutionally-protected liberty or property interest; and (3) constitutionally inadequate process." *Amin v. Estate of Stonebreaker*, 1996 WL 44200, at *2 (E.D. La. Feb. 2, 1996) (citing *Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994)). In this case, there is no genuine dispute regarding the first element—that the relevant actions that allegedly deprived Michael Cripps of his right to procedural due process would be considered "state action." The real issues concern the remaining two elements.

First, the Court finds that Michael Cripps did have a constitutionally-protected liberty interest in the present matter. "It requires no argument to show that the right to work for a living in the common occupations of the community is of the very essence of the personal freedom and opportunity that it was the purpose of the [Fourteenth] Amendment to secure." *Truax v. Raich*, 239 U.S. 33, 41 (1915). *See also Greene v. McElroy*, 360 U.S. 474, 492 (1959) ("[T]he right to hold specific private employment and to follow a chosen profession free from unreasonable governmental interference comes within the 'liberty' and 'property' concepts of the Fifth Amendment."). "This Circuit has . . . repeatedly acknowledged the principle that a person has a liberty interest in pursuing an occupation." *Phillips v. Vandygriff*, 711 F.2d 1217, 1222 (5th Cir. 1983) (citing *Ferrel v. Dallas Independent School District*, 392 F.2d 697, 707 (5th Cir. 1968); *Shaw v. Hospital Authority*, 507 F.2d 625, 628 (5th Cir. 1975); *Daly v. Sprague*, 675 F.2d 716, 727 (5th Cir. 1982)). The plaintiff claims he was excluded from work as an unlicensed technician in the structural pest control occupation based on the defendants' refusal to grant him temporary registrant status upon Terminix's application. Under Supreme Court and Fifth Circuit precedent, the Court finds that the plaintiff Michael Cripps' interest in pursuing that occupation is a constitutionally-protected liberty interest falling within the protection of the Fourteenth Amendment.

Nonetheless, to be actionable, the plaintiff must have been deprived of his liberty interest in the occupation without due process of law. "It is axiomatic that not all deprivations of protected interests are actionable; only deprivations without due process are actionable." *Phillips*, 711 F.2d at 1222. As the Fifth Circuit has provided, denying an individual a license necessary to practice in an occupation is clearly actionable. *Id.* at 1223 (citing *Schware v. Board of Bar Examiners*, 353 U.S. 232 (1957)). "Similarly, denying a person collateral credentials or

privileges practically necessary for pursuing an occupation is also actionable." *Id.* (citing *Greene*, 360 U.S. 474; *Sosa v. Board of Managers of Val Verde Memorial Hospital*, 437 F.2d 173 (5th Cir. 1971)). Nevertheless, these deprivations are only actionable if made in a manner that contravenes the Fourteenth Amendment's Due Process Clause. *Id.* "An essential principle of due process is that a deprivation of life, liberty, or property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.'" *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950)). "It is firmly established . . . that due process requires notice of the reasons for a proposed deprivation and some opportunity to respond to the substance of the allegations before a final deprivation occurs." *Eguia v. Tompkins*, 756 F.2d 1130, 1139 (5th Cir. 1985) (citations omitted).

Here, despite the defendants' contention that the plaintiff did not need to be registered with Louisiana in order to work for Terminix, the plaintiff Michael Cripps has presented a signed, uncontested declaration attesting to the fact that he "was informed that it was Terminix, Inc.'s policy to have all its personnel registered with the State of Louisiana." (Doc. 64-1, p. 2). Furthermore, the available evidence establishes that Michael Cripps was immediately fired upon Terminix receiving notification that he would not be registered, unless and until he appeared before the Structural Pest Control Commission. (Doc. 45-15, p. 1–2; Doc. 64-1, p. 1). The determination to deny Michael Cripps' registration was made without a prior hearing on the matter or any other notice. Instead, the Commission sent notification of its refusal to register Michael Cripps to both Terminix and Mr. Cripps, and only allowed for a hearing on the matter after the fact.

Accordingly, there is no genuine issue of material fact that the defendants deprived Michael Cripps of his liberty interest in pursuing his occupation through refusing to register him pursuant to La. R.S. 3:3369. Furthermore, in line with this Court's prior ruling on the motion for partial reconsideration, the letter sent on July 7, 2011, which provided that plaintiff Michael Cripps would not be registered, was both notice and deprivation of his liberty interest to pursue his chosen occupation. Furthermore, "there is nothing in the facts that suggest that the State needed to act so quickly that a hearing prior to the deprivation could not have been provided." (Doc. 28, p. 5). Accordingly, in refusing to register him as of July 6, 2011, there is no genuine issue of material fact that the defendants violated the plaintiff Michael Cripps' right to procedural due process.

However, the Court cannot determine what damages, if any, are recoverable by the plaintiff as a result of this violation. First, the letter of July 7, 2011 provided Michael Cripps with the requisite notice that he would not be registered due to his previous violations. (Doc. 45-8). Furthermore, the Structural Pest Control Commission hearing on August 3, 2011 provided the plaintiff with his opportunity to be heard regarding the denial of his registration. This post-deprivation "hearing remedied whatever infirmities may have been present in the process previously afforded" to Michael Cripps. *Eguia*, 756 F.2d at 1140. At that hearing, Michael Cripps addressed the Commission regarding his history with the Louisiana Department of Agriculture and Forestry (LDAF), and more specifically, with defendant David Fields. (Doc. 45-21). Despite the plaintiff having the opportunity to be heard on the matter, the Commission still voted to deny his application for registration and reinstatement. (Docs. 45-20 & 45-21). Accordingly, any potential damages for the procedural due process violation may only be

recovered for the period between the deprivation on approximately July 6, 2011, and the curing of the deficient process at the August 3, 2011 Structural Pest Control Commission hearing.

Furthermore, as this Court expressed before, it appears that this is only a technical violation of Section 1983 and would likely only entitle the plaintiff to nominal damages. Specifically, it does not appear that providing a pre-deprivation hearing would have affected the ultimate outcome. Based on the evidence presented, it appears the Commission would have denied Michael Cripps' application even if he had received notice and an opportunity to be heard prior to the deprivation of his liberty interest. The plaintiff must prove that he suffered actual damage resulting solely from the procedural due process violation in order to recover anything other than nominal damages. *See Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 222–23 (5th Cir. 2012) (quoting *Carey v. Piphus*, 435 U.S. 247 (1978) ("[T]he denial of procedural due process [is] actionable for nominal damages without proof of actual injury.")). If the Commission would have still denied his application even if proper procedural safeguards had been instituted—which appears to be the case—then the plaintiff is only entitled to nominal damages. The Supreme Court set out this concept in *Carey v. Piphus*:

> In this case, the Court of Appeals held that if petitioners can prove on remand that "[respondents] would have been suspended even if a proper hearing had been held," then respondents will not be entitled to recover damages to compensate them for injuries caused by the suspensions. The court thought that in such a case, the failure to accord procedural due process could not properly be viewed as the cause of the suspensions. The court suggested that in such circumstances, an award of damages for injuries caused by the suspensions would constitute a windfall, rather than compensation, to respondents. We do not understand the parties to disagree with this conclusion. Nor do we.

435 U.S. at 260 (internal citations omitted). Accordingly, while there is no genuine issue of material fact that the defendants deprived Michael Cripps of his right to procedural due process, the Court cannot determine at this time the amount of damages the plaintiff is entitled to, and

9

whether the plaintiff is entitled to anything other than nominal damages. This issue will be determined at the trial on the merits.

3. <u>Defendants' Motion for Summary Judgment (Doc. 46)</u>

Next, the Court will turn to the defendants' motion for summary judgment. The defendants seek summary judgment in their favor as to all of the plaintiffs' claims.

    a. *First Amendment Claim by Michael Cripps*

Plaintiff Michael Cripps alleges that the Structural Pest Control Commission's actions on August 3, 2011 were in "retaliation for his exercise of his rights to free speech and to petition for the redress of grievances under the First Amendment to the United States Constitution." (Doc. 16, p. 2). At the August 3 hearing, Michael Cripps addressed the Commission and provided a lengthy, and oftentimes scathing, testament regarding alleged wrongful activities perpetrated by Mr. David Fields. (Doc. 57-2, p. 20; Doc. 57-4, p. 78–84). Subsequently, the Commission unanimously passed a motion to deny Michael Cripps' request to have both his license and registration reinstated until he paid the $10,000 fine "plus interest and appear before the Commission again." (Doc. 57-4, p. 100).[1]

"Official reprisal for protected speech 'offends the Constitution [because] it threatens to inhibit exercise of the protected right,' and the law is settled that as a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions, including criminal prosecutions, for speaking out . . . ." *Hartman v. Moore*, 547 U.S. 250, 256 (2006) (quoting *Crawford–El v. Britton*, 523 U.S. 574, 588, n. 10 (1998)). "To establish a § 1983 claim of retaliation for the exercise [of] free speech, Plaintiffs must prove that: (1) Defendants were acting under color of state law; (2) Plaintiffs' speech activities were protected under the

---

[1] While the hearing minutes mention "license," it appears Michael Cripps only sought temporary registration and not reinstatement of his license.

First Amendment; and (3) Plaintiffs' exercise of their protected right was a substantial or motivating factor in Defendants' actions." *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997). Neither party disputes the first two elements of the plaintiff's Section 1983 claim; the only issue concerns whether the plaintiff's protected speech was a motivating factor in the Commission's actions.

The defendants' primary argument is that the plaintiff cannot present a modicum of evidence to raise a genuine issue of material fact that the plaintiff's protected speech was a motivating factor in the Commission's determination. The defendants point to testimony from Dan Foster—one of the Structural Pest Control Commission members—providing that he motioned to deny registration and reinstatement because of the outstanding fines owed by Plaintiff Michael Cripps. (Doc. 46-10, p. 16–17). Further, the minutes from the hearing show that the Commission was informed of Michael Cripps' failure to pay his prior fine and then voted to withhold registration until the plaintiff paid the fine.

In response, the plaintiff relies on the assertion that "[c]lose timing between an employee's protected activity and an adverse action against him may provide the 'causal connection' required to make out a prima facie case of retaliation." *Swanson v. General Services Admin.*, 110 F.3d 1180, 1188 (5th Cir. 1997) (quoting *Armstrong v. City of Dallas*, 997 F.2d 62, 67 (5th Cir. 1993)). However, "the law is clear that '[t]iming alone does not create an inference that the [adverse employment action] is retaliatory." *Perio v. Terrebonne Parish Sheriff's Office*, 2011 WL 1654262, at *8 (E.D. La. Apr. 29, 2011) (quoting *Beattie v. Madison County Sch. Dist.*, 254 F.3d 595, 605 (5th Cir. 2001)). While the plaintiff does not have any direct evidence of a retaliatory motive on the part of the defendants, he focuses on the close connection between his address to the Commission and the Commission voting to deny his request. Specifically, the

plaintiff focuses on the fact that his statement including a scathing critique of the defendants, and after he made his statement, the Structural Pest Control Commission voted to deny his registration.

Nevertheless, even looking at the evidence in the light most favorable to the non-moving party, the Court still finds that there are no genuine issues of material fact on this claim. At the hearing, Michael Cripps provided a scathing rebuke of defendant David Fields. (Doc. 57-7, p. 75-81). However, David Fields did not vote to deny Michael Cripps' registration. Instead, the entity that voted on August 3, 2011 was the Structural Pest Control Commission. (Doc. 57-7, p. 84). Mr. Fields was not a sitting member of the Commission, Mr. Fields did not propose any of the motions related to Michael Cripps, and Mr. Fields did not have a vote on any of the motions proffered at the meeting regarding Michael Cripps. (*See* doc. 57-7, p. 84). In fact, the minutes reflect that Mr. Fields did not even speak with regard to the matter involving Michael Cripps. *Id.* The only evidence in front of this Court is that the Commission unanimously voted to deny registration and reinstatement due to Michael Cripps refusal to pay the prior fines imposed by the Commission.[2] (Doc. 57-7, p. 82, 84).

While the plaintiff attempts to rely on the close, temporal proximity of his speech and the vote of disapproval, there is no evidence that the Commission's decision was based on anything other than attempting to require compliance with prior actions. The close proximity between the plaintiff's presentation and the Commission's action was a byproduct of the general procedure in these type of commission meetings—a committee attempts to entirely deal with each item on its agenda as they are presented at the meeting—as opposed to indicating some nefarious intent.

---

[2] Whether these fines were actually owed or had prescribed, as the plaintiff claims, is of no consequence. Whether the fine was actually due or had prescribed due to inaction for over a decade does not eliminate the consideration that Michael Cripps refused to pay the previously-imposed fine for over a decade, and all of the evidence establishes that the Commission factored this into its determination.

Furthermore, the plaintiff makes a plethora of conclusory, unsubstantiated assertions in his opposition regarding the presence of some retaliatory motive, but fails to produce a shred of evidence to establish that the Commission's decision was based on anything other than the plaintiff's failure to pay the prior fine instituted against him. While the plaintiff raises the specter of a massive conspiracy to drive his family out of the structural pest control business, the Court finds these allegations to be unfounded and wholly speculative based on the evidence presented.

Therefore, the Court finds that based on the evidence presented before it, even in the light most favorable to the plaintiff, a reasonable jury could not find for the plaintiff as a matter of law. The plaintiff Michael Cripps' First Amendment claim is based on pure speculation, at best. It would be absurd to find that the close temporal proximity raises a genuine issue of material fact, when the primary individual attacked in Michael's Cripps' presentation was defendant David Fields, and the Structural Pest Control Commission that voted on the matter was not attacked at any point in the speech. David Fields was not on the Commission, he did not have a vote with regards to the Commission's actions, and he did not even speak at the August 3 meeting with regards to this matter. Accordingly, based on the evidence presented before this Court, the Court grants summary judgment in favor of the defendants on the plaintiff Michael Cripps' Section 1983 claim that the defendants retaliated against him in violation of his First Amendment right.

    b. *First Amendment Claim by David Cripps*

Similarly, the defendants argue that David Cripps has no evidence of any retaliation due to an exercise of protected speech. Specifically, the defendants claim that the Commission never actually took any action against David Cripps at the August 3 hearing and has not taken any action thereafter. As a counterargument, David Cripps avers that he jointly signed the statement

made by Michael Cripps, and the Commission's failure to take any action at the August 3 hearing was an implicit denial to reinstate his license. Furthermore, the plaintiff puts forth that "[t]here is . . . no question that the Commission would seek to require David Cripps to pay interest on the $17,000.00 fine before he would even be allowed to work in the pest control industry." (Doc. 57, p. 17). However, this is clearly a hypothetical assertion, as there is no evidence that the Commission has taken or plans to take any such action.

In actuality, the Commission removed any mention of David Cripps from the motion it passed at the August 3 hearing. (Doc. 57-2, p. 20). Originally, the motion included a denial to reinstate David Cripps' license. *Id.* However, and most importantly, this motion did not pass, and instead, was superseded by a subsequent motion that makes absolutely no reference to David Cripps. *Id.* In fact, David Cripps admits that no action has been implemented against him either at the hearing or subsequent thereto. (Doc. 46-4, p. 23–25).

To prove a Section 1983 First Amendment claim, the plaintiff must present evidence of **action** under color of state law and that this action was motivated by the plaintiff's exercise of protected speech. This is why David Cripps' claim fails at the most basic level—there is no evidence that the Commission took action or has taken any action against David Cripps as a result of his brother's statement at the August 3, 2011 Commission hearing. (*See* doc. 46-4, p. 23–25). Accordingly, the Court grants summary judgment for the defendants as to David Cripps's First Amendment claim.

    c. *Eighth Amendment Claim by Michael and David Cripps*

Next, the defendants seek summary judgment as to the plaintiffs' Section 1983 claims for alleged Eighth Amendment violations. First, as a basic matter of law, the defendants claim that

the Excessive Fines Clause is not applicable to the states through the Fourteenth Amendment. This Court agrees. The Supreme Court has provided that:

> [T]he only rights not fully incorporated [in the Fourteenth Amendment Due Process Clause] are (1) the Third Amendment's protection against quartering of soldiers; (2) the Fifth Amendment's grand jury indictment requirement; (3) the Seventh Amendment right to a jury trial in civil cases; and (4) **the Eighth Amendment's prohibition on excessive fines.**

*McDonald v. City of Chicago, Ill.*, 130 S.Ct. 3020, 3035 n.13 (2010). As the Supreme Court has yet to decide whether to incorporate the prohibition on excessive fines into the Fourteenth Amendment Due Process Clause, this Court refuses to do as such in the present matter. Accordingly, the Court grants summary judgment for the defendants with regards to the plaintiffs' Section 1983 claims that the defendants violated the Eighth Amendment.

　　d. *Procedural Due Process Claim by David Cripps*

As the Court previously granted summary judgment for the plaintiff Michael Cripps on his Section 1983 procedural due process claim, the Court will only analyze the plaintiff David Cripps' procedural due process claim in light of the defendants' motion for summary judgment. In its motion, the defendants contend that David Cripps cannot present any evidence to support a claim that he was denied procedural due process, as no action was actually taken against him. In the opposition, the plaintiffs fail to present argument or evidence regarding a potential procedural due process violation as to David Cripps' liberty interests. The Court finds that the plaintiff failed to present sufficient argument or evidence to raise a genuine issue of material fact, and thus, summary judgment must be granted for the defendants as to David Cripps' Section 1983 procedural due process claim.

　　e. *Substantive Due Process Claim by Michael Cripps*

The Court now turns to the plaintiff Michael Cripps' claim that his substantive due process rights were violated by the defendants' refusal to approve his registration or reinstatement. As the Fifth Circuit has provided, "[a] violation of substantive due process . . . occurs only when the government deprives someone of liberty or property; or, to use the current jargon, only when the government works a deprivation of a constitutionally protected interest." *Simi Inv. Co., Inc. v. Harris County, Tex.*, 236 F.3d 240, 249 (5th Cir. 2000) (quoting *Brennan v. Stewart*, 834 F.2d 1248, 1257 (5th Cir. 1988)) (internal quotation marks omitted). "Substantive due process analysis is appropriate only in cases in which government arbitrarily abuses its power to deprive individuals of constitutionally protected rights." *Id.* In a recent decision, the Fifth Circuit delineated the standard for evaluating a substantive due process claim: "A plaintiff who brings a substantive due process claims must satisfy two considerations. 'First, he must allege a deprivation of a constitutionally protected right.' Second, he must demonstrate that the government action is not 'rationally related to a legitimate governmental interest.'" *Bush v. City of Gulfport, Miss.*, 454 Fed. Appx. 270, 275–76 (5th Cir. 2011) (quoting *Mikeska v. City of Galveston*, 451 F.3d 376, 379 (5th Cir. 2006)) (internal citations omitted).

As mentioned above, the plaintiff did possess a constitutionally-protected liberty interest in pursuing an occupation, which the defendants deprived him of by refusing to grant his temporary registration request. Therefore, the Court must turn to the second prong of the analysis, and determine whether the action was "rationally related to a legitimate governmental interest." *Id.* at 276. Similar to his First Amendment claim, the plaintiff failed to present sufficient evidence to this Court to establish a genuine issue of material fact that the relevant action was not "rationally related to a legitimate governmental interest." *Id.* The plaintiff's primary argument in his opposition is that the defendants' failed to justify their action, as their

only justification was that Mr. Cripps' must pay the previous fine imposed by the Commission. It is axiomatic that enforcing the laws and maintaining adherence to the law is a legitimate government interest. Regardless of whether the fine had prescribed at the time of the defendants' action, the proffered reason and the only actual evidence offered with regards to the defendants' actions is that the Commission refused to register and reinstate Mr. Michael Cripps due to his continuous refusal to pay for a fine that had been imposed over a decade ago. While the plaintiff claims that this is not "rationally related to a legitimate governmental interest," the Court finds that the plaintiff failed to present sufficient evidence to show that the defendants' actions in refusing to register and reinstate the plaintiff due to his previous refusal to pay his fines would somehow rise to the level of a substantive due process violation. Accordingly, the Court grants summary judgment in the defendants' favor.

    f. *Substantive Due Process Claim by David Cripps*

Similar to any procedural due process claim, the opposition fails to present a modicum of evidence or argument in favor of David Cripps' substantive due process claim. The plaintiffs simply make the conclusory statement that the defendants' deprived David Cripps of his protected liberty interest. However, as this Court previously provided, the Commission did not actually take any action with regard to David Cripps at the August 3 meeting. Accordingly, there is no government action that could rise to the level of a substantive due process violation. As such, the Court grants summary judgment in the defendants' favor.

    g. *State Law Claims*

The plaintiffs also bring claims for violations of Article I, Sections 2 and Article I, Section 7 of the Louisiana Constitution. Article I, Section 2 of the Louisiana Constitution provides that "[n]o person shall be deprived of life, liberty, or property, except by due process of

law." Additionally, Article I, Section 7 provides: "No law shall curtail or restrain the freedom of speech or of the press. Every person may speak, write, and publish his sentiments on any subject, but is responsible for abuse of that freedom."

As summary judgment has been granted for the defendants as to the plaintiffs' First Amendment claims, summary judgment is also proper on the plaintiffs' Article I, Section 7 claims. *See Davis v. Allen Parish Service Dist.*, 210 Fed. Appx. 404, 413 (5th Cir. 2006); *Delcarpio v. St. Tammany Parish Sch. Bd.*, 865 F. Supp. 350, 362-63 (E. D. La. 1994), *rev'd on other grounds*, 64 F.3d 184 (5th Cir. 1995).

Similarly, Louisiana courts have found the due process protections in the Louisiana Constitution to be coextensive with the protections in the United States Constitution. *Plaquemines Parish Government v. River/Road Const., Inc.*, 828 So. 2d 16, 24–25 (La. App. 4 Cir. 2002); *State v. Smith*, 614 So. 2d 778, 780 (La. App. 2 Cir. 1993). Accordingly, as this Court previously granted summary judgment for plaintiff Michael Cripps on his Section 1983 procedural due process claim, it cannot grant the defendants summary judgment on Michael Cripps' state procedural due process claim. Similarly, because the Court granted the defendants' summary judgment on Michael Cripps' and David Cripps' Section 1983 substantive due process claims, as well as David Cripps' Section 1983 procedural due process claim, the Court also grants the defendants summary judgment on Michael Cripps' and David Cripps' state substantive due process claims, and David Cripps state procedural due process claim

## Conclusion

Therefore, the Court: (1) **GRANTS** Plaintiff Michael Cripps' Motion [doc. 45] for Partial Summary Judgment, and (2) **GRANTS IN PART AND DENIES IN PART** Defendants' Motion [doc. 46] for Summary Judgment.

Signed in Baton Rouge, Louisiana, on June 3, 2014.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**