UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MICHAEL CRIPPS AND
JOHN DAVID CRIPPS

VERSUS

STATE OF LOUISIANA THROUGH THE
DEPARTMENT OF AGRICULTURE AND
FORESTRY, ET AL.

CIVIL ACTION

NO. 12-452-JJB-SCR

*consolidated with*

WILLIE CRIPPS

VERSUS

LOUISIANA DEPARTMENT OF
AGRICULTURE AND FORESTRY, ET AL.

CIVIL ACTION

NO. 13-51-JJB-SCR

## RULING

This matter is before the Court on the following motions: (1) Defendants' Motion [doc. 43] for Partial Summary Judgment, and (2) Plaintiff Willie Cripps' Motion [doc. 44] for Partial Summary Judgment. Both motions are opposed. (Docs. 48 & 58). Jurisdiction is based on 28 U.S.C. § 1331. Oral argument is not necessary. For the reasons provided herein, the Court: (1) **GRANTS** Defendants' Motion [doc. 43] for Partial Summary Judgment, and (2) **DENIES** Plaintiff Willie Cripps' Motion [doc. 44] for Partial Summary Judgment.

### Background

Plaintiff Willie Cripps is a licensed pest-control operator who possesses over 35 years of experience. On approximately July 9, 2010, Louisiana Department of Agriculture and Forestry (LDAF) inspector Toby Richmond received a complaint regarding a house under contract with Lasalle Exterminating, Willie Cripps' company. As a result, Toby Richmond requested records from Willie Cripps regarding the treatment of the property, to assure it was in accordance with

1

requisite standards. However, Willie Cripps could not produce the relevant records. Thereafter, allegedly due to the lack of documentation, Richmond issued a directive requiring Cripps to retreat the property in accordance to minimum specifications, and Willie Cripps complied at that time.

Nevertheless, on November 20, 2010, "Willie Cripps wrote a letter to Tyrone Dudley, Assistant Director of the LDAF, expressing his concerns and disagreement with [the] order issued by Toby Richmond." (Doc. 1-1, p. 1, ¶ 5). Specifically, Willie Cripps stated that the directive violated the Termidor SC label. After multiple correspondences between Willie Cripps and LDAF representatives, "Willie Cripps received a letter . . . inviting him to present his grievances at the April 14, 2011 hearing of the Structural Pest Control Commission." (Doc. 1-1, p. 3, ¶ 14). At the hearing, Willie Cripps made a statement to the Commission which outlined his objections with the previously-issued directive. (*See* docs. 43-15 & 43-16, p. 2). Subsequently, the Commission unanimously passed a "motion to order Mr. Cripps to provide LDAF access to business and applicable records pertinent to the [disputed] property." (Doc. 43-16, p. 2). Willie Cripps eventually complied and submitted the requested records. After LDAF finished its review, Willie Cripps received notice on June 28, 2011 "that he was being charged with twelve (12) violations of Louisiana Pesticide law." (Doc. 1-1, p. 4, ¶ 20). Of these charges, nine related to paperwork violations, and three related to violations of the Termidor SC label.

The Structural Pest Control Commission conducted an adjudicatory hearing for these 12 charges at its August 3, 2011 meeting. At the hearing, Willie Cripps, Toby Richmond, and Dr. Robert Davis—an employee with BASF Corporation, the manufacturer of Termidor—provided testimony with regards to the alleged violations. Afterwards, the Commission unanimously passed a motion finding Willie Cripps in violation on all charges and assessed a fine.

Additionally, due to Willie Cripps' statement that he applied only two gallons of Termidor SC per 10 linear feet per six inches of depth, Marvin Montgomery—LDAF General Counsel—questioned whether Willie Cripps may have committed additional violations, because the Termidor SC label calls for the application of four gallons per 10 linear feet per foot of depth. (Doc. 57-2, p. 59). As a result, the Commission unanimously passed a "resolution that the LDAF staff [would] examine the records of all WDI [wood-destroying insect] treatment done by Mr. Cripps and if the treatments [were] not [compliant] with the law, Mr. Cripps [would] need to retreat each one to bring them up to the minimum specifications." (Doc. 43-5, p. 425). On September 30, 2011, the LDAF sent an inspector to Willie Cripps' house to examine the relevant records located therein, but Willie Cripps refused to allow the inspector to enter his home without a warrant.

On January 5, 2012, Willie Cripps sought review of the Commission's August 3, 2011 determination by filing a petition in a Louisiana state court. Through a judgment dated October 16, 2012, the state court judge reversed the Commission's determination on the three charges that Willie Cripps violated the Termidor SC label requirements. Subsequently, plaintiff Willie Cripps filed the pending suit against the LDAF, the Structural Pest Control Commission, and Mr. David Fields, in his individual capacity. Willie Cripps asserts Section 1983 claims against all of the defendants, claiming that they retaliated against him in violation of his First Amendment rights and violated his substantive due process rights. Additionally, the plaintiff claims that the defendants violated Article 1, § 2 and Article 1, § 7 of the Louisiana Constitution. Thereafter, the defendants filed the pending motion for summary judgment, seeking judgment as a matter of law as to the plaintiff's Section 1983 claims. In addition, the plaintiff filed a motion seeking "partial summary judgment in order to preclude relitigation of issues that have been conclusively

determined by a final and definitive judgment of the 19th Judicial District Court of the State of Louisiana regarding the labeling charges brought against Willie Cripps by the [d]efendants." (Doc. 44, p. 1).

**Analysis**

1. <u>Summary Judgment Standard</u>

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. Rule Civ. P. 56(a). The movant must demonstrate that there is no genuine issue of material fact for trial. When the non-moving party has the burden of proof at trial, the movant need only demonstrate that the record lacks sufficient evidentiary support for the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The moving party can do this by showing that the evidence is insufficient to prove the existence of one or more essential elements of the non-moving party's case. *Id.* A party must support its summary judgment position by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. Rule Civ. P. 56(c)(1).

Although the court considers evidence in a light most favorable to the non-moving party, the non-moving party must show that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy the non-moving party's burden. *Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139–40 (5th Cir. 1996). Similarly, "[u]nsworn pleadings, memoranda or the like are not . . . competent summary judgment evidence." *Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991).

"In a motion for summary judgment, a federal district court is not called upon to make credibility assessments of conflicting evidence." *Melancon v. Ascension Parish*, 823 F. Supp.

401, 404 n.19 (M.D. La. 1993). "To the contrary, all evidence is considered in the light most favorable to the non-movant." *Id.* "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 151 (2000) (quoting *Anderson*, 477 U.S. at 255).

2. <u>Willie Cripps' Motion for Partial Summary Judgment (Doc. 44)</u>

In his motion, plaintiff Willie Cripps seeks "partial summary judgment in order to preclude relitigation of issues that have been conclusively determined by a final and definitive judgment" from a Louisiana state court. (Doc. 44, p. 1). After review, the Court finds that the plaintiff's motion for partial summary judgment lacks merit. The only pending claims in this case are the plaintiff's Section 1983 claims that the defendants violated his federal constitutional rights and his claims that the defendants violated his complementary state constitutional rights. None of those claims were at issue in the Louisiana state court proceedings, and there has been no subsequent final, definitive judgment on any of the present claims. The reversal of three charges—out of the 12 total charges—does not necessarily give rise to a constitutional violation, whether under the federal or state constitution, which are the actual claims at issue in this case. Thus, the plaintiff fails to present sufficient evidence to warrant summary judgment as to any of his present claims. Accordingly, for these reasons and for the reasons further provided in the defendants' opposition (doc. 48), the Court cannot grant the plaintiff's motion for partial summary judgment, as he fails to establish that there is no genuine issue of material fact as to any of his claims.

3. <u>Defendants' Motion for Partial Summary Judgment (Doc. 43)</u>

Next, the Court turns to the defendants' motion for summary judgment. The defendants seek summary judgment in their favor as to the plaintiff's Section 1983 claims.[1]

a. *First Amendment Claims*

Plaintiff Willie Cripps claims that the defendants' "actions in charging him with labeling violations where there was no basis for doing so, in finding him guilty of these baseless charges, and in retaliating against [him] by ordering and attempting to search his home without a search warrant or reasonable suspicion were in retaliation for his exercise of his rights under the First Amendment to the United States Constitution," which would constitute a violation of 42 U.S.C. § 1983. (Doc. 1-1, p. 8, ¶ 36). The plaintiff avers that these actions were taken in retaliation for presenting his grievances at the April 14, 2011 and August 3, 2011 Structural Pest Control Commission hearings. Yet, in their motion, the defendants claim that the plaintiff simply has no evidence whatsoever regarding his assertions, and thus, the claims must be dismissed in their favor.

"Official reprisal for protected speech 'offends the Constitution [because] it threatens to inhibit exercise of the protected right,' and the law is settled that as a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions, including criminal prosecutions, for speaking out . . . ." *Hartman v. Moore*, 547 U.S. 250, 256 (2006) (quoting *Crawford–El v. Britton*, 523 U.S. 574, 588, n. 10 (1998)). "To establish a § 1983 claim of retaliation for the exercise free speech, Plaintiffs must prove that: (1) Defendants were acting under color of state law; (2) Plaintiffs' speech activities were protected under the First Amendment; and (3) Plaintiffs' exercise of their protected right was a substantial or motivating factor in Defendants' actions." *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997). Neither

---
[1] Based on review of the defendants' motion, the Court does not find any argument with regards to the plaintiff's Louisiana state constitution claims. Therefore, the Court will not make any summary judgment determination as to these claims at this time.

party disputes the first two elements of the plaintiff's Section 1983 claim; the only issue concerns whether the plaintiff's protected speech was a motivating factor in the defendants' actions.

After review, the Court finds that the plaintiff fails to present a modicum of evidence to establish a genuine issue of material fact regarding his First Amendment retaliation claims. While the plaintiff relies on conclusory assertions and unfounded allegations, there is simply no evidence tending to show that the defendants' engaged in the relevant actions in order to retaliate against the plaintiff due to his exercise of protected speech. In fact, all of the evidence, even viewed in the light most favorable to the plaintiff, supports a finding that the Commission engaged in its actions based on its reasonable belief, supported by testimony from an employee of the Termidor SC manufacturer, that the plaintiff failed to use the proper amount of termiticide. (*See* doc. 43-24, p. 81–82, 84; doc. 57-2, p. 50).

While the state court did reverse the Commission's findings, it made no determination regarding the constitutional questions at issue in this case. Instead, the state-court judge found that the labeling requirement for the termiticide was ambiguous, and as a result, he ruled that the plaintiff's interpretation was reasonable based on that fact. (*See* doc. 57-11, p. 6). As such, despite dissension with that interpretation, the judge found that Mr. Cripps had not violated the label or any other regulations due to this ambiguity. Nevertheless, the state court judge specifically mentioned that he anticipated Willie Cripps would not rely on his interpretation in the future, and instead, "would go along with what the manufacturer and the rest of the Commission believe." (Doc. 57-11, p. 6). Clearly, the state court did not find that the Commission's interpretation or understanding was unreasonable; it only found that the plaintiff's interpretation was reasonable based on the ambiguity in the Termidor SC label. Furthermore, the

state court affirmed the Commission's determination as to the other nine charges against the plaintiff. (Doc. 57-11, p. 7).

In his opposition, the plaintiff incorporated arguments made in a similar opposition filed by Michael Cripps and David Cripps. (*See* doc. 57, p. 6-17). However, those arguments were unavailing when made in that opposition and the same holds true as to this motion.

Additionally, the plaintiff presently cites to *Hartman v. Moore* for the proposition that "when nonretaliatory grounds are in fact insufficient to provoke the adverse consequences, [courts] have held that retaliation is subject to recovery as the but-for cause of official action offending the Constitution." 547 U.S. 250, 256 (2006). The plaintiff claims that the Commission's nonretaliatory reasons—its interpretation that the plaintiff violated the labeling requirement—are insufficient to provoke the adverse response of the Commission. As aforementioned, while the state court did reverse the Commission's findings, it did not actually find that the Commission's interpretation was erroneous. Rather, it found that the plaintiff's interpretation of the label was not unreasonable based on ambiguous language. (*See* doc. 57-11, p. 6). In fact, the state court judge clearly believed that Mr. Cripps' would not rely on his interpretation in the future, and instead, would "go along with what the manufacturer and the rest of the Commission believe[d]" regarding the labeling and termiticide requirements. *Id.* Accordingly, this is not a case where the inference is applicable, because the Commission's nonretaliatory grounds could justify its actions, as the state court did not find that its interpretation was erroneous or unreasonable. In actuality, the state court only found that the plaintiff's interpretation of the ambiguous requirement was not unreasonable, and thus, the judge reversed three of the charges imposed on the plaintiff, while also affirming the remaining nine charges.

Therefore, even looking at the evidence in the light most favorable to the plaintiff, the Court finds that the plaintiff failed to present sufficient evidence to raise a genuine issue of material fact necessary to prevent the granting of summary judgment in the defendants' favor. Accordingly, the Court must grant the defendants' motion for summary judgment on the plaintiff's Section 1983 First Amendment claims.

    b. *Substantive Due Process Claims*

The Court now turns its attention to the plaintiff's substantive due process claims. In his complaint, the plaintiff declares that "[t]he [d]efendants' action in arbitrarily charging him with labeling violations where there was no rational basis for doing so and in retaliating against [him] by ordering and attempting to search his home without a search warrant and without reasonable suspicion violated [his] right to substantive due process." (Doc. 1-1, p. 8). As the Fifth Circuit has provided, "[a] violation of substantive due process . . . occurs only when the government deprives someone of liberty or property; or, to use the current jargon, only when the government works a deprivation of a constitutionally protected interest." *Simi Inv. Co., Inc. v. Harris County, Tex.*, 236 F.3d 240, 249 (5th Cir. 2000) (quoting *Brennan v. Stewart*, 834 F.2d 1248, 1257 (5th Cir. 1988)) (internal quotation marks omitted). "Substantive due process analysis is appropriate only in cases in which government arbitrarily abuses its power to deprive individuals of constitutionally protected rights." *Id.* In a recent decision, the Fifth Circuit delineated the standard for evaluating a substantive due process claim: "A plaintiff who brings a substantive due process claim[] must satisfy two considerations. 'First, he must allege a deprivation of a constitutionally protected right.' Second, he must demonstrate that the government action is not 'rationally related to a legitimate governmental interest.'" *Bush v. City of Gulfport, Miss.*, 454

Fed. Appx. 270, 275–76 (5th Cir. 2011) (quoting *Mikeska v. City of Galveston*, 451 F.3d 376, 379 (5th Cir. 2006)) (internal citations omitted).

First and foremost, the plaintiff misinterprets the August 3, 2011 resolution. In his opposition, the plaintiff provides that the August 3 resolution required him "to unnecessarily retreat an unspecified number of homes and order[ed] an unqualified search of [his] home." (Doc. 58, p. 10). In fact, according to the meeting minutes, the resolution required LDAF staff to examine the records of all WDI treatments performed by Mr. Cripps and "if the treatments [were] not [in] compliance with the law, Mr. Cripps [would] need to retreat each one to bring them up to the minimum specifications." (Doc. 57-2, p. 26). The undisputed evidence shows that the Commission passed this resolution based on Mr. Cripps' statement at the August 3 hearing that he only applied two gallons per 10 linear feet, as opposed to the four gallons per 10 linear feet, which both the Commission and the BASF employee felt was the appropriate and required amount. (Doc. 43-24, p. 81–82, 84; Doc. 57-2, p. 50). Based on this belief, the Commission wanted to assure that any houses not treated to specifications were properly retreated, and thus, passed a resolution that LDAF should inspect the records and any house not treated to minimum specifications must be retreated accordingly. In must be noted that contrary to what the plaintiff claims, the state court judge did not find that the Commission's and BASF's interpretation was incorrect; rather, he found that based on ambiguity in the labeling, he could not find that Mr. Cripps' interpretation was unreasonable, so as to justify a rules violation. (*See* doc. 57-11, p. 6). However, as mentioned above, the state court judge specifically provided that he expected Mr. Cripps to "go along with what the manufacturer and the rest of the Commission believe[d]" regarding proper application, rather than relying on his own interpretation. *Id.* Further, the Commission merely ordered inspection of his records, not an "unqualified search of his home."

In fact, the undisputed evidence shows the Commission was not even aware that Mr. Cripps' office was located at his home, and thus, the records would also be located there. (Doc. 43-24, p. 59). The evidence does not establish that the Commission intended, or even contemplated, an unqualified search of the plaintiff's home, and the plaintiff has failed to present any evidence of such.

After review, this Court fails to find how the defendants actually deprived the plaintiff of a constitutionally-protected liberty interest. In his opposition, the plaintiff claims that the defendants deprived him "of a clearly established *liberty* interest to freely 'engage in any of the common occupations of life.'" (Doc. 58, p. 10). However, looking at the evidence in the light most favorable to the plaintiff, the defendants did not actually deprive the plaintiff of his asserted right. Specifically, the plaintiff did not have to retreat any properties as a result of the August 3 resolution, no search was ever conducted of his home, the Commission never took any action related to his license or registration, and in no other concrete way was the plaintiff deprived of his right to work in his chosen field. At no point was the plaintiff prohibited or excluded from engaging in the structural pest control industry. The Court finds that the plaintiff's claims are speculative at best, and he fails to show any actual deprivation of a liberty interest that caused him any compensable damage. Therefore, due to the lack of any actual causation of damage and the speculative nature of the plaintiff's claims, this Court must grant summary judgment in the defendants' favor.

## Conclusion

Therefore, the Court: (1) **GRANTS** Defendants' Motion [doc. 43] for Partial Summary Judgment, and (2) **DENIES** Plaintiff Willie Cripps' Motion [doc. 44] for Partial Summary Judgment.

11

Signed in Baton Rouge, Louisiana, on June 3, 2014.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**