UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MICHAEL CRIPPS AND
JOHN DAVID CRIPPS

VERSUS

STATE OF LOUISIANA THROUGH THE
DEPARTMENT OF AGRICULTURE AND
FORESTRY, ET AL.

CIVIL ACTION

NO. 12-452-JJB-SCR

*consolidated with*

WILLIE CRIPPS

VERSUS

LOUISIANA DEPARTMENT OF
AGRICULTURE AND FORESTRY, ET AL.

CIVIL ACTION

NO. 13-51-JJB-SCR

## **RULING**

This matter is before the Court on the defendants State of Louisiana through the Department of Agriculture and Forestry, Structural Pest Control Commission, and David Fields' Motion (rec. doc. 75) for Summary Judgment on State Law Claims. The plaintiff Willie Cripps opposes the motion. (Rec. doc. 80). Jurisdiction is based on 28 U.S.C. § 1331. Oral argument is not necessary.

This Court previously issued a ruling granting a separate motion for summary judgment filed by these defendants. (Rec. doc. 68). Through that ruling, the Court granted summary judgment for the defendants on the plaintiff's federal First Amendment and Substantive Due Process claims. After omitting it from the original motion, the defendants filed the pending motion for summary judgment seeking dismissal of the remaining Louisiana state law claims asserted by the plaintiff Willie Cripps—claims under Louisiana Constitution, Article I, § 2 and Article I, § 7.

1

Louisiana Constitution Article I, Section 7 provides: "No law shall curtail or restrain the freedom of speech or of the press. Every person may speak, write, and publish his sentiments on any subject, but is responsible for abuse of that freedom." As summary judgment has been granted for the defendants as to the plaintiff's federal First Amendment claims, summary judgment is also proper on the plaintiff's Article I, Section 7 claims. *See Davis v. Allen Parish Service Dist.*, 210 F. App'x. 404, 413 (5th Cir. 2006); *Delcarpio v. St. Tammany Parish Sch. Bd.*, 865 F. Supp. 350, 362-63 (E. D. La. 1994), *rev'd on other grounds*, 64 F.3d 184 (5th Cir. 1995).

Additionally, Article I, Section 2 of the Louisiana Constitution provides that "[n]o person shall be deprived of life, liberty, or property, except by due process of law." Louisiana courts have found the due process protections in the Louisiana Constitution to be coextensive with the protections in the United States Constitution. *Plaquemines Parish Government v. River/Road Const., Inc.*, 828 So. 2d 16, 24–25 (La. App. 4 Cir. 2002); *State v. Smith*, 614 So. 2d 778, 780 (La. App. 2 Cir. 1993). Accordingly, as this Court previously granted the defendants' summary judgment on Willie Cripps' Section 1983 substantive due process claims, the Court also grants the defendants summary judgment on Willie Cripps' state substantive due process claims.

The Court also wants to specifically address the plaintiff's contention that this Court did not exercise the proper review in rendering its summary judgment ruling. The plaintiff believes that this Court did not properly view the state court's ruling in the light most favorable to him, primarily because this Court did not agree with the plaintiff's interpretation of that ruling. *See* rec. doc. 80, p. 4. While the Court looked at all evidence in the light most favorable to the non-moving party—the plaintiff Willie Cripps in this instance—the Court is not thereby bound by the plaintiff's interpretation of such a ruling simply based on this fact. Additionally, the force and

effect of a ruling is a question of law for this Court to determine based on its review, a determination this Court made in its prior rulings.

Therefore, the Court **GRANTS** the defendants' Motion (rec. doc. 75) for Summary Judgment on State Law Claims.

Signed in Baton Rouge, Louisiana, on August 7, 2014.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**